IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

BOARD OF TRUSTEES, SHEET METAL )
WORKERS' NATIONAL PENSION )
FUND, *et al.*, )
)
        Plaintiffs, )
)
        v. )
)
SOUTHWEST AIR CONDITIONING )
SERVICES, INC., )
)
        Defendant. )
_____ )

Civil Action No. 1:18cv0578 (TSE/JFA)

**AUG 3 1 2018**

## PROPOSED FINDINGS OF FACT AND RECOMMENDATIONS

This matter is before the court on plaintiffs' motion for default judgment pursuant to Federal Rule of Civil Procedure 55(b)(2). (Docket no. 17). Plaintiffs are the Board of Trustees of the Sheet Metal Workers' National Pension Fund ("NPF"), the Board of Trustees of the International Training Institute for the Sheet Metal and Air Conditioning Industry ("ITI"), the Board of Trustees of the Sheet Metal Occupational Health Institute Trust ("SMOHIT"), and the National Energy Management Institute Committee ("NEMIC") (collectively, "plaintiffs"), and they seek a default judgment against Southwest Air Conditioning Services, Inc. ("Southwest" or "defendant"). Pursuant to 28 U.S.C. § 636(b)(1)(C), the undersigned magistrate judge is filing with the court his proposed findings of fact and recommendations, a copy of which will be provided to all parties.

### Procedural Background

On May 16, 2018, the plaintiffs filed this action alleging that the defendant is obligated to pay them for certain overdue contributions, liquidated damages, interest, and attorneys fees

1

and costs through the date of judgment. (Docket no. 1). A summons and complaint were served on Jennifer Brewer, an authorized person to accept service on the defendant, on May 30, 2018. (Docket no. 4). In accordance with Federal Rule of Civil Procedure 12(a), a responsive pleading was due no later than June 20, 2018, which is 21 days after service on the defendant.

The defendant failed to file a responsive pleading in a timely manner and on June 21, 2018, the court ordered the plaintiffs to seek entry of default against the defendant. (Docket no. 6). On June 22, 2018, the plaintiffs filed a request for entry of default against the defendant (Docket no. 5), which the Clerk of Court entered on June 26, 2018 (Docket no. 8). On June 29, 2018, the plaintiffs filed a motion to stay the deadline to file their motion for default judgment, representing that they were finalizing an audit of the defendant's contributions to the funds and intended to file an amended complaint. (Docket no. 12). On July 16, 2018, the plaintiffs filed an amended complaint, identifying additional contributions owed by the defendant. (Docket no. 14). The plaintiffs served defendant with the amended complaint on that same day. (Docket no. 15-1). In accordance with Federal Rule of Civil Procedure 15(a), a responsive pleading was due no later than July 30, 2018, which is 14 days after service of the amended pleading on the defendant. The defendant again failed to file a responsive pleading in a timely manner and on August 1, 2018, the plaintiffs again filed a request for entry of default against the defendant (Docket no. 15), which the Clerk of Court entered on August 3, 2018 (Docket no. 16).

On August 8, 2018, the plaintiffs filed a motion for default judgment with a supporting brief and declarations from Diana M. Bardes, Lori Wood, and Kenneth Anderson Jr., and a notice of hearing for August 31, 2018 at 10:00 a.m. (Docket nos. 17–19). The motion for default judgment, supporting brief, and notice of hearing were served on the defendant by mail

on August 8, 2018. (*Id.*). On August 31, 2018, counsel for the plaintiffs appeared at the hearing on the motion for default judgment and no one appeared on behalf of the defendant.

## Factual Background

The following facts are established by the amended complaint (Docket no. 14) ("Am. Compl."), the motion for default judgment (Docket no. 17), and the brief and declarations filed in support of the motion for default judgment (Docket no. 18).

This action is brought under Sections 502 and 515 of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §§ 1132 and 1145, and under Section 301 of the Labor Management Relations Act ("LMRA"), 29 U.S.C. § 185. (Am. Compl. ¶ 1). Each of the plaintiffs are "fiduciaries" with respect to their fund, as defined in 29 U.S.C. § 1002(21)(A), and they are empowered to bring this action pursuant to 29 U.S.C. §§ 1132(a)(3) and 1132(g)(2). (Am. Compl. ¶¶ 5–9). The NPF and the ITI are jointly trusted trust funds created and maintained pursuant to 29 U.S.C. § 186(c) and "multiemployer plans" within the meaning of 29 U.S.C. § 1002(37). (Am. Compl. ¶¶ 5–6). SMOHIT and NEMIC are jointly trusted trust funds created and maintained pursuant to 29 U.S.C. § 186(c). (Am. Compl. ¶¶ 7–8). The funds for which the plaintiffs bring this action are administered in Fairfax, Virginia. (Am. Compl. ¶¶ 5–8).

Southwest is a Nevada corporation with offices in Las Vegas, Nevada and is an employer in an industry affecting commerce as defined by 29 U.S.C. § 152(2) and 29 U.S.C. § 1002(5), (11), and (12). (Am. Compl. ¶ 10). Southwest employs employees represented for the purposes of collective bargaining by the Sheet Metal, Air, Rail, and Transportation Union (f/k/a the Sheet Metal Workers' International Association), and Local Union No. 88 ("Local 88"), which is a labor organization representing employees in an industry affecting interstate

3

commerce. (Am. Compl. ¶ 11). Southwest was a signatory to and bound by a collective bargaining agreement with Local 88 (the "CBA"). (Am. Compl. ¶ 12). Pursuant to the CBA, Southwest is obligated to abide by the terms and conditions of the Trust Agreement establishing each of the funds, including any amendments thereto (the "Trust Agreements"). (Am. Compl. ¶ 13).

Under the CBA, Trust Agreements, and applicable law, Southwest is obligated to submit monthly remittance reports and fringe benefit contributions to the plaintiffs for all hours worked or paid on behalf of defendant's covered employees no later than the twentieth day after the end of each month during which covered work was performed. (Am. Compl. ¶¶ 12, 16). When an employer fails to make a timely remittance report and contribution payments and the funds file a lawsuit to recover unpaid contributions, the employer is obligated to pay interest on the delinquent contributions at the rate of 0.0233% per day, late fees equal to the greater of $50.00 or 10% of the contributions due for each month of contributions paid after the due date and before any lawsuit is filed, liquidated damages equal to 20% of the delinquent contributions, and the attorneys fees and costs incurred in pursuing the delinquent amounts. (Am. Compl. ¶ 18).

In Count I of the amended complaint, the plaintiffs allege that for the period of October 2016 through May 2018, the defendant employed employees for whom contributions were due to the plaintiffs but defendant failed to make all the required contributions. (Am. Compl. ¶ 19). Based on the remittance reports prepared and submitted to the plaintiffs by the defendant, the defendant owes contributions in the amount of $58,587.53 for the period of December 2016 through May 2018, along with accrued interest in the amount of $3,722.42 (through July 13, 2018), and liquidated damages of $11,717.51. (Am. Compl. ¶ 23). The defendant failed to

4

provide remittance reports for the months of November 2017 through May 2018, and accordingly the amounts owed for those months were estimated by the plaintiffs based on the amounts due for October 2017. (Am. Compl. ¶ 24). The defendant also late paid certain contributions for the months of November 2016 through March 2017 incurring pre-litigation liquidated damages in the amount of $1,867.97. (Am. Compl. ¶ 25). The total amount plaintiffs claim they are owed is $75,895.43, plus additional interest through the date of payment. (Am. Compl. ¶ 26). In Count II of the amended complaint, the plaintiffs allege that a payroll audit for the period of October 13, 2016 through October 31, 2017 revealed that the defendant owes additional contributions, interest, and liquidated damages to the funds. (Am. Compl. ¶ 31). The audit revealed that the defendant owes contributions in the amount of $104,996.21 for the audit period of October 13, 2016 through October 31, 2017, along with accrued interest in the amount of $9,998.24, liquidated damages of $10,499.62, and $1,600 in audit testing fees. (Am. Compl. ¶ 32). The total amount the plaintiffs claim they are owed is $127,094.07, plus attorneys fees and costs. (Am. Compl. ¶¶ 32–33).

In the motion for default judgment, plaintiffs state that they are owed the amounts as detailed below. (Docket no. 18-2). As described in the briefs in support of the motion for default judgment and the declarations of Kenneth Anderson, Diana M. Bardes, and Lori Wood, the plaintiffs are seeking an award of the unpaid contributions, interest, liquated damages, and late fees for contributions that were due from November 2016 through May 2018, including additional contributions, accrued interest, liquidated damages, and fees resulting for the audit

period of October 13, 2016 through October 31, 2017. The plaintiffs are also seeking an award of their attorneys fees and costs incurred in bringing this action.[1]

| Plaintiff | Contributions | Interest through 8/11/2018[2] | Liquidated Damages | Late Fees | Costs and Attorneys Fees[3] | Total |
|---|---|---|---|---|---|---|
| NPF | $36,321.88 | $1,458.20 | $7,264.38 | $1,763.18 | $8,101.70 | $54,909.34 |
| ITI | $1,373.30 | $41.53 | $274.66 | $73.96 | $0.00 | $1,763.45 |
| SMOHIT | $228.92 | $6.93 | $45.78 | $12.34 | $0.00 | $293.97 |
| NEMIC | $343.34 | $10.36 | $68.67 | $18.49 | $0.00 | $440.86 |
| Total | $38,267.44 | $1,517.03 | $7,653.49 | $1,867.97 | $8,101.70 | $57,407.63 |

| | Contributions | Interest through 8/11/2018 | Liquidated Damages | Audit Fees | Total |
|---|---|---|---|---|---|
| Audit from October 13, 2016 to October 31, 2017 | $104,996.21 | $9,998.24 | $10,499.62 | $1,600.00 | $127,094.07 |

### Proposed Findings and Recommendations

Rule 55 of the Federal Rules of Civil Procedure provides for the entry of a default judgment when "a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend." The court must have both subject matter and personal jurisdiction over a defaulting party before it can render a default judgment.

---

[1] There is a difference in the amounts sought in the motion for default judgment and the amended complaint because the motion for default judgment contains an itemization of the attorneys fees and costs sought, and the motion for default judgment corrects an error in the calculation of the delinquent amounts due. (Docket no. 18-2 at 5).

[2] As listed, the interest sums to $1,517.02. However, the plaintiffs' motion for default judgment states that the interest due to NPF, ITI, SMOHIT, and NEMIC sums to $1,517.03, suggesting that the interest due on the individual contributions contained fraction of a penny.

[3] The total amount of attorneys fees and costs are included with NPF, the lead plaintiff with the highest amount owed by the defendant.

A defendant in default admits the factual allegations in the complaint. *See* Fed. R. Civ. P. 8(b)(6) ("An allegation — other than one relating to the amount of damages — is admitted if a responsive pleading is required and the allegation is not denied."); *see also GlobalSantaFe Corp. v. Globalsantafe.com*, 250 F. Supp. 2d 610, 612 n.3 (E.D. Va. 2003) ("Upon default, facts alleged in the complaint are deemed admitted and the appropriate inquiry is whether the facts as alleged state a claim."). Rule 55(b)(2) of the Federal Rules of Civil Procedure provides that a court may conduct a hearing to determine the amount of damages, establish the truth of any allegation by evidence, or investigate any other matter.

### Jurisdiction and Venue

The plaintiffs allege that this court has subject matter jurisdiction under Section 502 of ERISA, 29 U.S.C. § 1132. (Am. Compl. ¶ 2). Section 502 provides that the United States district courts have jurisdiction over civil actions brought under this title. This case is properly before the court under its federal question jurisdiction pursuant to 29 U.S.C. § 1132(e) because it is brought under ERISA for an alleged failure to make contributions in accordance with a collective bargaining agreement or multiemployer plan. The plaintiffs further allege that this court has subject matter jurisdiction under Section 301 of the LMRA, 29 U.S.C. § 185. (*Id.*). That section provides that United States district courts have jurisdiction over suits for violation of contracts between an employer and a labor organization representing employees in an industry affecting commerce. This case is also properly before the court pursuant to 29 U.S.C. § 185 because it is brought under the LMRA for violation of a contract between an employer and a labor organization.

Section 502 states that an action under this title may be brought in the "district where the plan is administered" and "process may be served in any other district where a defendant resides

or may be found." 29 U.S.C. § 1132(e)(2). The plaintiffs state that the respective funds are administered in Fairfax, Virginia. (Am. Compl. ¶¶ 3, 5–8). On May 30, 2018, the summons and complaint were served on the defendant's managing agent, and on July 26, 2018, the amended complaint was served on the defendant. (Docket nos. 4, 15-1). Venue is proper in this court and this court has personal jurisdiction over the defendant since the respective funds are administered within the Alexandria Division of the Eastern District of Virginia. *See Bd. of Trs., Sheet Metal Workers' Nat'l Pension Fund v. McD Metals, Inc.*, 964 F. Supp. 1040 (E.D. Va. 1997) (personal jurisdiction in an ERISA action should be determined on the basis of the defendant's national contacts with the United States pursuant to the Due Process Clause of the Fifth Amendment and ERISA itself provides for nationwide service of process).

For these reasons, the undersigned magistrate judge recommends a finding that this court has subject matter jurisdiction over this action, that the court has personal jurisdiction over the defendant, and that venue is proper in this court.

## **Grounds for Entry of Default**

The managing agent for the defendant was served with the summons and complaint on May 30, 2018. (Docket no. 4). Under Federal Rule of Civil Procedure 12(a), a responsive pleading was due no later than June 20, 2018, which is 21 days after the summons and complaint were served. After the defendant failed to file an answer or responsive pleading in a timely manner, the plaintiffs requested an entry of default on June 22, 2018. (Docket no. 5). The Clerk of Court entered a default as to the defendant on June 26, 2018. (Docket no. 8). The plaintiffs then filed and served an amended complaint on July 16, 2018. (Docket no. 14). Under Federal Rule of Civil Procedure 15(a), a responsive pleading was due no later than July 30, 2018, which is 14 days after the amended pleading was served. After the defendant failed to

8

file an answer or responsive pleading in a timely manner, the plaintiffs again requested an entry of default of August 1, 2018. (Docket no. 15). The Clerk of Court entered a default as to the defendant on August 3, 2018. (Docket no. 16).

The undersigned magistrate judge recommends a finding that the defendant was served properly, that it failed to file a responsive pleading in a timely manner, and that the Clerk of Court properly entered a default as to the defendant.

### Liability and Measure of Damages

Rule 54(c) of the Federal Rules of Civil Procedure provides that a default judgment "must not differ in kind from, or exceed in amount, what is demanded in the pleadings." Because the defendant did not file a responsive pleading and is in default, it admits the factual allegations in the amended complaint. *See* Fed. R. Civ. P. 8(b)(6).

As set forth in Counts I and II of the amended complaint, Southwest failed to submit in a timely manner all contributions owed to the funds for the period October 2016 through May 2018. (Am. Compl. ¶ 19). Specifically, 29 U.S.C. § 1132(g)(2) provides that in any action brought to enforce the payment of delinquent contributions in which a judgment in favor of the plan is awarded, the court shall award the plan:

> (A) the unpaid contributions,
>
> (B) interest on the unpaid contributions,
>
> (C) an amount equal to the greater of –
>
>> (i) interest on the unpaid contributions, or
>>
>> (ii) liquidated damages provided for under the plan in an amount not in excess of 20 percent (or such higher percentage as may be permitted under Federal or State law) of the amount determined by the court under subparagraph (A),

9

(D) reasonable attorney's fees and costs of the action, to be paid by the defendant, and

(E) such other legal or equitable relief as the court deems appropriate.

29 U.S.C. § 1132(g)(2).

In support of their claim for damages, plaintiffs submitted a declaration from Kenneth Anderson Jr. ("Anderson Decl."). (Docket no. 18-2). Mr. Anderson is an Audit and Delinquency Manager for the NPF and oversees the performance of audits of payroll records of contributing employers, which are used to determine whether participating employers have satisfied their obligations to provide reports and contributions to the funds and to cooperate with the audit process. (Anderson Decl. ¶¶ 1–2). The information contained in the Anderson declaration establishes that Southwest failed to pay the plaintiffs in a timely manner the entire amount of the monthly contributions for the period November 2016 through May 2018. Defendant owes the plaintiffs the unpaid contributions for the months November 2016 through May 2018, interest from the date the payments were due until they are paid, and liquidated damages calculated at 20% of the unpaid amount.

The Anderson declaration also establishes that an audit revealed that Southwest underreported hours worked by covered employees for the period of October 13, 2016 through October 31, 2017. Due to the underreporting of hours, Southwest owes additional unpaid contributions for certain months within the audit period which resulted in the assessment of interest and liquidated damages. (Anderson Decl. ¶¶ 20–21). As a result of the audit for the period of October 13, 2016 through October 31, 2017, defendant owes the plaintiffs additional unpaid contributions for that period, interest from the date the payments were due until they are paid, liquidated damages, and audit testing fees. Along with the unpaid contributions for the months November 2016 through May 2018, defendant owes the plaintiffs the following:

| Plaintiff | Contributions | Interest through 8/11/2018 | Liquidated Damages | Late Fees | Costs and Attorneys Fees | Total |
|---|---|---|---|---|---|---|
| NPF | $36,321.88 | $1,458.20 | $7,264.38 | $1,763.18 | $8,101.70 | $54,909.34 |
| ITI | $1,373.30 | $41.53 | $274.66 | $73.96 | $0.00 | $1,763.45 |
| SMOHIT | $228.92 | $6.93 | $45.78 | $12.34 | $0.00 | $293.97 |
| NEMIC | $343.34 | $10.36 | $68.67 | $18.49 | $0.00 | $440.86 |
| **Total** | $38,267.44 | $1,517.03 | $7,653.49 | $1,867.97 | $8,101.70 | **$57,407.63** |

| | Contributions | Interest through 8/11/2018 | Liquidated Damages | Audit Fees | Total |
|---|---|---|---|---|---|
| Audit from October 13, 2016 to October 31, 2017 | $104,996.21 | $9,998.24 | $10,499.62 | $1,600.00 | $127,094.07 |

The plaintiffs submitted a declaration from Diana Bardes detailing the attorneys fees and costs incurred in this action. (Docket no. 18-1) ("Bardes Decl."). The total amount of the attorneys fees and costs requested is $8,101.70. (Bardes Decl. ¶¶ 5–6). The attorneys fees request is comprised of 34.6 hours of attorney and paralegal time. (Bardes Decl. ¶ 5). The amount of costs was $600.20, which is comprised of $400.00 for the filing fee, $120.00 process server fee, and $80.20 in mailing fees. (Bardes Decl. ¶ 6). The hourly rate charged for the attorney time was between $225.00 and $275.00 for partners and $140.00 and $150.00 for paralegals. (Bardes Decl. ¶ 5). The undersigned magistrate judge has reviewed the declarations of Ms. Bardes and Ms. Wood (Docket no. 18-1 at 19–21) and recommends a finding that the hourly rates charged and the costs incurred by the plaintiffs are reasonable. After reviewing the individual time entries, the court recommends a finding that the total amount of time and the costs incurred in pursuing this action and the amounts billed were reasonable. The amount of

11

attorneys fees and costs sought in this matter are consistent with the amounts sought in many previous, similar cases brought in this court.

For these reasons, the undersigned recommends that a default judgment be entered in favor of the plaintiffs against Southwest Air Conditioning Services, Inc. as shown in the above chart. For that reason, the undersigned recommends a total judgment be entered against Southwest Air Conditioning Services, Inc. in the amount of **$184,501.70**, which includes unpaid contributions of $143,263.65, interest of $11,515.27, liquidated damages of $18,153.11, late fees and audit fees of $3,467.97, and attorneys fees and costs of $8,101.70.

### Notice

By means of the court's electronic filing system and by mailing a copy of the proposed findings of fact and recommendations to Southwest Air Conditioning Services, Inc. 3030 S. Valley View Boulevard, Las Vegas, NV 89102, the parties are notified that objections to the proposed findings of fact and recommendations must be filed within fourteen (14) days of service of the proposed findings of fact and recommendations and a failure to file timely objections waives appellate review of the substance of the proposed findings of fact and recommendations and waives appellate review of any judgment or decision based on the proposed findings of fact and recommendations.

ENTERED this 31ST day of August, 2018.

/s/

John F. Anderson
United States Magistrate Judge

Alexandria, Virginia

John F. Anderson
United States Magistrate Judge

12